### Opinion of the Justices to the House of Representatives.

*Constitutional Law*, Public purpose, Housing, Veteran. *Housing. Veteran. Eminent Domain*, Validity of taking.

A public purpose was the basis of a proposed act of the General Court, pending at a time when there was an acute shortage of housing available for veterans of World War II, purporting in substance to authorize the expenditure of funds raised by taxation, either directly or by incurring obligations which might involve such expenditure, for the acquisition of land and the construction of dwelling units thereon by the Commonwealth, to be offered to such veterans for rent or for sale at prices "they can afford to pay," and the sale of property no longer needed for such purposes; and consequently such legislation would be within the power of the General Court under Part II, c. 1, § 1, art. 4 of the Constitution.

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the House of Representatives on June 11, 1947, and transmitted to the Justices on June 13,. 1947. Copy of the order is hereto annexed. The questions submitted relate to a bill now pending in the House of Representatives (House, No. 2206) which is entitled "An Act to provide housing for veterans of world war II."

The order contains recitals in substance that there still exists within the Commonwealth an acute scarcity of dwelling places available for rent or purchase by veterans of World War II, that many of such dwelling places as might otherwise be so available are so expensive either to purchase or to rent as to be beyond the financial reach of many veterans in need of housing, and that "Grave doubts have arisen as to the power of the General Court under the constitution of the commonwealth to authorize the expenditure of public funds in the manner and for the purposes set forth in said bill." It is therefore ordered that

"the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the House of Representatives on the following important questions of law: (1) Does it lie within the power of the General Court to authorize the expenditure of public funds for the acquisition of land, and the construction of dwelling units thereon, for the purpose of offering the same to veterans for rent 'at rents . . . they can afford to pay', substantially as provided in said bill? (2) Does it lie within the power of the General Court to authorize the expenditure of public funds for the acquisition of land, and the construction of dwelling units thereon, for the purpose of offering the same to veterans for sale 'at . . . prices they can afford to pay', substantially as provided in said bill? (3) Does it lie within the power of the General Court to authorize the unconditional sale of property purchased with public funds, at prices varying only with the income and financial ability of purchasers who are veterans, as a means of effecting a solution to a temporary housing emergency, substantially as provided in said bill? (4) Is any provision of said bill inconsistent with Article XLIII of the amendments to said constitution? (5) Would any action taken by the state board of housing in conformity with any provision of said bill be violative of said Article XLIII? (6) Does it lie within the power of the General Court under Article XLVII of the Amendments of the Constitution of the Commonwealth, or any other provision of the Constitution, to authorize the Commonwealth to raise and expend money for the purpose of providing housing for veterans of World War II and their families, substantially as provided in said bill?"

The question underlying the specific questions submitted is whether it lies within the power of the General Court to authorize the expenditure of money of the Commonwealth for the purpose of providing housing for veterans of World War II in the manner provided by the pending bill. It is a fundamental principle of constitutional law frequently declared that money raised by taxation can be used only for public purposes and not for the advantage of private individuals. The basic inquiry, therefore, is

whether, so far as the pending bill provides for the expenditure of money of the Commonwealth raised by taxation, the purpose of such expenditure is a public purpose.

The pending bill in § 1 provides: "It is hereby declared that an acute shortage of housing exists in many of the cities and towns of the commonwealth; that on account of such shortage many veterans of World War II are unable to obtain shelter for themselves and their families regardless of their ability to pay for such shelter; that it is likely that this shortage will continue for a substantial period; that on this account a time of public exigency, emergency and distress now exists so that the providing of shelter by the commonwealth is a public function," and in § 2 defines "Veteran" as "a man or woman who served in the army or navy of the United States at any time on or after December seventh, nineteen hundred and forty-one, and before the conclusion of World War II and has been separated therefrom under conditions other than dishonorable. The term shall also include the widow or the mother of a man who so served and who died in said army or navy." Section 3 provides: "In order to provide housing for veterans of World War II and their families in those areas or localities in which the state board of housing shall find that an acute shortage of housing exists and that such housing would not be otherwise provided, the state board of housing is hereby authorized, with the approval of the mayor and council of a city or board of selectmen of a town — (a) To acquire land in the name of the commonwealth by purchase, lease, gift, eminent domain or otherwise, or use land already acquired. (b) To hold, develop, improve, build dwelling units upon, manage and care for such land and buildings constructed thereon, as hereinafter provided and to enter into all necessary contracts and agreements in the name of the commonwealth therefor. All such construction shall conform to existing local zoning laws. (c) To rent or sell such dwelling units to veterans at rents or prices they can afford to pay. In determining the rents or prices to be charged hereunder, the state board of housing shall take into consideration the cost of the

property sold or rented, the price of similar property in the open market, and the ability of the veteran purchasing or renting the same to pay therefor. Sales may be for cash or upon such installments, terms and contracts and subject to such mortgages, restrictions and conditions as the state board of housing shall determine," and § 4 provides: "When the state board of housing shall find in any area or locality wherein such housing has been constructed that the acute shortage no longer exists or finds that the shortage is otherwise being taken care of, the state board of housing shall sell any housing not otherwise sold, provided that a preference shall be given to veterans." Section 6 provides in part: "All moneys borrowed under section seven hereof shall be paid to the state board of housing and shall be disbursed by such state board of housing subject to the provisions of this act," and § 7 provides for the issue of bonds of the Commonwealth.

Undoubtedly the pending bill contemplates the expenditure of money raised by taxation, either directly or by incurring obligations which will, or at least may, involve such expenditure. We think that the purpose of this expenditure of money is a public purpose for which money raised by taxation can constitutionally be expended.

In *Opinion of the Justices*, 320 Mass. 773, the Justices, considering a bill then pending entitled "An Act to authorize cities and towns to enter into contracts to provide temporary housing for veterans of world war II," answered in the affirmative the following question: "Does it lie within the power of the General Court to authorize cities and towns to appropriate, raise and expend money for the purpose of providing temporary housing for veterans of World War II under the conditions above set forth: (a) Under the power to make all manner of reasonable and wholesome laws under Part II, Chapter I, Section 1, Article IV of the Constitution of the Commonwealth?" The reason for this answer was that, while the purpose of the expenditure of public moneys was not expressly stated in the bill under consideration to be the recognition of services of persons serving in the military or naval forces of the United States,

this purpose was implicit in the bill, providing housing was the means by which this purpose was to be carried out, and the expenditure of public money for providing housing in recognition of such services even long after they had been rendered, though such expenditure is directly for the private benefit of the persons rendering such services, is a public purpose, and consequently it is within the power of the General Court under Part II, c. 1, § 1, art. 4, of the Constitution to authorize such expenditure.

The principle upon which that opinion of the Justices rested is applicable in the circumstances now existing to the bill now under consideration in which, as in the bill considered in that opinion, recognition of the services of persons in the military and naval forces of the United States is implicit. And the expenditure of money raised by taxation for the acquisition of land and the construction of dwellings thereon for the purpose of offering them to veterans for sale or rent at prices "they can afford to pay" is within this principle. It cannot rightly be said that the expenditure of money raised by taxation for the acquisition of land and the construction of dwellings thereon for this purpose is not a reasonable method of recognizing the services of such veterans.

Since the purpose is public, it justifies the exercise of the power of eminent domain by the General Court as well as the expenditure of money raised by taxation. *Opinion of the Justices*, 297 Mass. 567, 571. While land cannot ordinarily be taken by eminent domain for the purpose of renting and sale (*Salisbury Land & Improvement Co.* v. *Commonwealth*, 215 Mass. 371, 376), this principle is inapplicable where, as here, the property so rented or sold is thereby devoted to a public purpose. And provisions for renting or selling property no longer needed for the purpose for which it was taken do not invalidate the taking. See *Salisbury Land & Improvement Co.* v. *Commonwealth*, 215 Mass. 371, 377–378; *Wright* v. *Walcott*, 238 Mass. 432, 435–437. Since the power of the General Court to authorize the taking of land for the purposes of the pending bill is not derived from art. 43 of the Amendments to the

Constitution, the exercise of such power is not limited by the provision of said art. 43 "that this amendment shall not be deemed to authorize the sale of such land or buildings at less than the cost thereof."

For the reasons herein stated, we answer the questions submitted as follows:

We answer questions 1, 2 and 3, "Yes."

We answer questions 4 and 5, "No."

We answer question 6 in the affirmative by reason of the power conferred by Part II, c. 1, § 1, art. 4, of the Constitution. Consequently, it seems unnecessary to consider any other provision of the Constitution.

FRED T. FIELD.
HENRY T. LUMMUS.
STANLEY E. QUA.
ARTHUR W. DOLAN.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.